IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET BARTON, individually and as representative of the estate of Bruce Barton, | )<br>)<br>)<br>) |
| Plaintiff, | ) CASE NO. 2:08-CV-120-WKW [WO] |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

**ORDER**

Before the court is Defendant United States of America's ("United States") motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. # 16.)  Plaintiff Janet Barton ("Barton") filed a response. (Doc. # 19.)  For the reasons to follow, the United States's motion is due to be granted in part and denied in part.

Earlier in this case, the United States filed a motion to dismiss (Doc. # 8), which was denied for challenging the pleading sufficiency of Barton's complaint under state, rather than federal, rules of pleading (Opinion (Doc. # 14)).  Now the United States requests a more definite statement from Barton because her complaint fails to provide sufficient notice under Rule 8 of the Federal Rules of Civil Procedure.  (Mot. ¶¶ 3, 13.)  A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that

the party cannot reasonably prepare a response."[1] Fed. R. Civ. P. 12(e). Barton is not opposed to filing an amended complaint "with more detail as to the medical care in question."[2] (Resp. ¶ 4.) The dispute is over how *much* detail Barton must supply in her amended complaint.

The United States proposes the following. It will give Barton's counsel a copy of Bruce Barton's medical chart from the Department of Veteran's Affairs ("VA")[3] once the United States receives a proper HIPAA medical release and/or a protective order.[4] (Mot. ¶ 13.) But the United States wants Barton to replead her complaint once she has the medical chart. The United States asks that Barton be required to replead with sufficient particularity to identify the following: (1) the standard of care the VA breached; (2) how the VA breached that standard; (3) where among the three identified VA facilities the breach occurred; (4) when over the alleged eight-year period the breach occurred; and (5) which healthcare

---

[1] District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

[2] However, Barton does not concede that her complaint is insufficient under Rule 8. (Resp. ¶ 3.)

[3] Bruce Barton is Barton's deceased husband; Barton is suing the VA under the Federal Tort Claims Act for its alleged negligent diagnosis and treatment of Bruce Barton's colon cancer. (Compl. ¶ 7 (Doc. # 1).)

[4] The United States acknowledges that Barton claims she "lacks the records necessary to frame an adequate complaint," and thus offers to give Barton's counsel a copy of the medical chart. (Mot. ¶ 13.) Barton has made no comment about the United States's offer.

providers employed by the VA committed the breach.  (Mot. ¶ 13.)  Barton opposes being required to include any of these details in her amended complaint.  (Resp. ¶ 5.)

Barton's amended complaint will have to satisfy Rule 8.  To state a sufficient claim for relief under Rule 8(a)(2), the complaint must include only a "short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Rule 8 nevertheless "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations and footnote omitted).  These requirements ensure a defendant has "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002).

In light of these standards, Barton's amended complaint must sufficiently allege a cause of action under Alabama law, even though the requisite detail for her allegations is determined by federal law. (*See* Opinion 8-9.)  Under Alabama law, a plaintiff alleging negligent medical malpractice must establish the following elements: "(1) the appropriate standard of care; (2) a breach of that standard of care; and (3) a proximate connection between the defendant's [provider's] act or omission constituting the breach and the injury

3

sustained by the plaintiff.'" *Prowell v. Children's Hosp. of Ala.*, 949 So. 2d 117, 126 (Ala. 2006). Barton has alleged all of those elements.[5]

Because Barton is suing the VA for the negligence of its providers, however, it is only fair to notify the United States of *which* providers committed negligence. This requirement is not onerous if the United States provides Barton's counsel with a copy of Bruce Barton's complete medical chart, as it has agreed to do. If Barton identifies which providers committed negligence, where and when the breach allegedly occurred will become more clear. Because Barton specifically alleges that it was the *diagnosis and treatment* of Bruce Barton's colon cancer that was negligent, Barton need not provide any further details.

Accordingly, it is ORDERED that the United States's motion for a more definite statement (Doc. # 16) is GRANTED in part and DENIED in part as follows:

(1)     The United States's motion is GRANTED with respect to directing Barton to file an amended complaint once the United States has provided her counsel with a copy of Bruce Barton's VA medical chart. The parties are DIRECTED to confer with respect to the necessary protective order/release to comply with HIPAA. The amended complaint shall be filed within **60 days** of when the medical records are sent to Barton's counsel.

---

[5] Eventually, Barton will have to *prove* a more detailed standard of care, likely through expert testimony. *Sorrell v. King*, 946 So. 2d 854, 861 (Ala. 2006) (quoting the standard of care from § 6-5-548(a) of the Code of Alabama).

(2)     The United States's motion is GRANTED with respect to requesting that the amended complaint contain sufficient particularity to identify which VA healthcare providers allegedly committed the breach.  It is DENIED in all other respects.

DONE this 2nd day of December, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE